IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cyndi Johnson,                                     :

              Plaintiff          :          Civil Action 2:06-cv-818

   v.                                               :          Judge Sargus

G. Maxine Young,                              :          Magistrate Judge Abel

           Defendant          :

# Opinion and Order

Plaintiff, who is proceeding without the assistance of counsel, alleges that defendant failed to serve a federally required notice upon her and verify her debt before commencing legal collection action. This matter is now before the Court on Defendant's February 7, 2007 motion for summary judgment (doc. 16) and Plaintiff's June 29, 2007 motion to strike Defendant's motion for summary judgment (doc. 31).

**I. Motion to Strike**

On February 7, 2007, Defendant G. Maxine Young filed a summary judgment motion with this Court. On February 16, Ms. Johnson filed two notices (docs. 17-18) stating that she had not received a copy of the summary judgment motion through mail and also stating that she was unable to access the document on the online docket. On February 19, 2007, Defendant's attorney, Andrew J. Mollica, submitted a notice stating that, on February 7, he sent a copy of the summary judgment motion to Ms. Johnson at the Athens P.O. Box listed on all of her filings and that he had no indication, such as a returned mailing, that she had not received it. Nonetheless, he stated that he would send another copy of the summary judgment motion to Ms. Johnson's

Athens P.O. Box through certified mail.

On June 25, 2007, this Court entered an Order requiring that Ms. Johnson show cause within 10 days of its date why Defendant's motion for summary judgment was not meritorious. On June 29, 2007, Ms. Johnson filed a motion alleging that she has still not received a copy of Defendant's summary judgment motion, is unable to view it online, and therefore cannot address it on its merits. She further contends that the Defendant's summary judgment motion should be stricken from the record for failure to serve it upon her.

Defendant responds with the affidavit of Mr. Mollica, who attests that he sent Ms. Johnson a copy of the motion to her Athens P.O. Box on February 7, 2007 by regular mail, and also sent a copy to her Athens P.O. Box on February 19, 2007 by certified mail. (Doc. 32, p. 3). He also attests that, after first being forwarded to an address in Cleveland, the certified mail packet was sent back to his office on April 4, 2007 with an "Unclaimed" stamp. (Doc. 32, p. 4). Mr. Mollica attaches a copy of the envelope showing the forwarding address and the "unclaimed" stamp. (Doc. 32, p. 5). Defendant contends that she met the service requirements of Fed. R. Civ. P. 5(b)(2)(B) when she mailed a copy to Plaintiff's last known address on February 7, 2007.

Defendant is correct. She effected service on February 7, 2007, when she sent a copy of the motion through regular mail to the P.O. Box address that Plaintiff has listed on the docket. Further, Defendant attempted to send a certified mail copy to Plaintiff, only to have it be unclaimed. Plaintiff cannot avoid service simply by claiming to not receive key documents or by failing to claim certified mailings sent by Defendant or her attorney. Thus, Plaintiff has not shown good cause for her failure to submit a motion in opposition to Defendant's motion for summary judgment, and I will therefore consider Defendant's motion to be unopposed.

Consequently, Plaintiff's June 29, 2007 motion to strike Defendant's motion for summary

judgment (doc. 31) is DENIED.

## II. Motion for Summary Judgment

### A. Facts

Plaintiff alleges in her complaint that G. Maxine Young, functioning as a debt collector

for her landlord, Rocco Valente, failed to serve a federally required 30 day notice upon her and

verify her debt before commencing collection action. This is the extent of her pleadings, and as

she did not respond to the summary judgment motion on the merits, we must proceed upon

Defendant's version of the facts.

In her motion for summary judgment, Defendant Young sets out an affidavit stating the

following facts. Defendant is a real estate agent employed by University Housing. Young Aff.

¶1. She is a rental agent who manages the property and collects quarterly rent for some units,

including Unit 506 at University Commons, which Ms. Johnson was subleasing. Young Aff.

¶¶1, 3. According to the terms of the sublease, Ms. Johnson was responsible for making the final

two payments of $1875.00 on January 15, 2006 and April 15, 2006. Young Aff. ¶4. Ms.

Johnson was late with the April rent payment. Delinquency notices were sent to her in April and

May 2007. Young Aff. ¶5. On May 10, 2006, Ms. Young sent Ms. Johnson with a Notice to

Leave Premises for non-payment of rent. Young Aff. ¶6. The deliquency proceedings initiated

against Ms. Johnson were halted when the tenant from whom Ms. Johnson was subleasing,

Daniel Casto, paid the rent installment which Ms. Johnson owed. Young Aff. ¶7, Casto Aff. ¶6.

On May 22, 2006, Ms. Young sent Ms. Johnson a notice that she would not be permitted to lease

the apartment after Mr. Casto's lease expired on August 1, 2006 due to her failure to pay her

3

April rent and her failure to obtain a co-signor for the new lease term.  Young Aff. ¶8.  On

August 2, 2006, Ms. Young served Ms. Johnson with a Notice to Leave Premises.  Young Aff.

¶9, Exh. C.  Ms. Johnson did not vacate the unit, so the owner of Unit 506, Rocco Valente, filed

a complaint with the Athens County Municipal Court alleging forcible entry and detainer.  On

August 29, 2006, that court granted judgment in Mr. Valente's favor and ordered Ms. Johnson to

restore Unit 506 to him by August 31, 2006.  Young Aff. ¶¶10-12, Exh. 3.

### B.  Arguments of the Parties

Defendant argues that she is not a debt collector within the meaning of the Fair Debt

Collection Practices Act (FDCPA), because any debt collection activity she takes is incidental to

her fiduciary relationship and obligation to University Commons and owners such as Mr.

Valente.  15 U.S.C. §1692(a)(6)(F).  She states that her obligation to collect rent payments and

corresponding fees arises out of her fiduciary duties as a property manager rather than a debt

collector, and thus, Plaintiff's claim against her must fail.  As stated above, Plaintiff has failed to

respond to Defendant's summary judgment motion on its merits.

### C.  Analysis

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure

which provides:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the

4

requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171,

174 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the

absence of a genuine issue as to any material fact, and for these purposes, the [evidence

submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H.

Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the

underlying facts contained in such materials must be considered in the light most favorable to the

party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Watkins v.

Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided,

summary judgment is appropriate if the opposing party fails to make a showing sufficient to

establish the existence of an element essential to that party's case and on which that party will

bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere

existence of a scintilla of evidence in support of the opposing party's position will be

insufficient; there must be evidence on which the jury could reasonably find for the opposing

party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448

(1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of his pleading, but his response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial. If he
> does not so respond, summary judgment, if appropriate, shall be
> entered against him.

5

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

The FDCPA states, in relevant part, that the term "debt-collector" does not apply to:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement [or]. . . (iii) concerns a debt which was not in default at the time it was obtained by such person

15 U.S.C. §1692a(6)(F). Defendant falls within this exception as she was a property manager collecting rental payments incidental to her fiduciary duties to the property owners, including Mr. Valente. As a landlord, Mr. Valente is a creditor, not a debt collector. 15 U.S.C. §1692a(4). Defendant Young, as Valente's rental agent and property manger, stands in his shoes. As she is not a debt-collector within the meaning of the FDCPA, *See Reynolds v. Gables Residential Services, Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006), Plaintiff's claim against her must necessarily fail. Accordingly, Defendant's February 7, 2007 motion for summary judgment (doc. 16) is GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT for Defendant. This action is hereby DISMISSED.

7-27-2007

United States District Judge